# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

OLIVER J. WINCHELL,

       Plaintiff,

v.                                                             Civil No. 98-261 M/WWD

KENNETH S. APFEL, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

       Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, filed February 17, 1999 **[docket #9]**. The Commissioner denied Plaintiff's request for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits. Plaintiff, currently age 36, alleges a disability which commenced January 15, 1988, due to a back injury. Mr. Winchell has completed 12th grade and has worked in the past as a fork lift operator.

    2. This case has a rather tortuous administrative history. After conducting an initial hearing on June 16, 1994, the Commissioner's Administrative Law Judge ("ALJ") denied the applications, concluding that Plaintiff can perform a full range of light work and therefore is not disabled. Tr. at 12. Following an appeal of the decision to the United States District Court, the case was remanded based on an incomplete credibility determination, and for further consideration of Mr. Winchell's alcohol problem.

    3. A second hearing was conducted on January 8, 1997. Tr. at 598. Because the ALJ

issued a decision (Tr. at 420) before waiting the required 60 days to receive a psychological report, the Appeals Council remanded the case to the ALJ for consideration of the new evidence. Tr. at 402, 552. The ALJ held another hearing on August 26, 1997. Tr. at 616. On September 29, 1997 the ALJ again denied Mr. Winchell's claims for benefits based upon his alcohol use. Tr. at 396. The Appeals Council denied Mr. Winchell's request for review on the ground that the exceptions were not timely filed. Tr. at 339. Thus, the ALJ's decision is the final decision of the Commissioner. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

    4. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id. (citation omitted).

    5. Plaintiff raises the following allegations of error with respect to the ALJ's decision: (1) the ALJ's finding that Mr. Winchell would not be disabled but for his alcohol use is not supported by substantial evidence and is contrary to law; (2) the ALJ's listing (step three) analysis is not supported by substantial evidence and is contrary to law; and (3) the credibility finding is not supported by the evidence and is contrary to law.

    6. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson at 1486 (citing 42 U.S.C. §§ 423 (d)(1)(A) and 1382c(a)(3)(A)). Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.

2

Id.; see 20 C.F.R. §§ 404.1520(a - f); 416.920. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. Id. (citations omitted).

7. At the first four levels of the evaluation, the claimant must show: (1) that he is not working; (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that he is unable to perform work done in the past. At step five, the burden shifts to the Commissioner to show that the claimant has a residual functional capacity ("RFC") to do work in the national economy other than past relevant work. Thompson at 1487 (citations omitted).

**Jurisdiction**

8. The Commissioner argues that this Court has no jurisdiction to review the ALJ's decision where, as here, the Appeals Council dismissed Plaintiff's request for review as untimely because it is neither a decision on the merits nor a denial of request for review. See 20 C.F.R. § 404.981. Thus, there is not a "final decision" of the Commissioner pursuant to section 205(g) of the Social Security Act, 42 U.S.C. 405(g).

9. However, jurisdiction to review the Commissioner's decision exists here because Mr. Winchell raises a colorable constitutional claim in the denial of due process. See Dozier v. Bowen, 891 F.2d 769, 771 (10th Cir. 1989) (federal judicial review may exist when the Commissioner's denial of a petition to reopen is itself challenged on constitutional grounds).

10. I agree with Plaintiff that the issuance of a subsequent cover notice by the Appeals Council arguably moved up the due date of the appeal and therefore renders a dismissal of an appeal based on the initial due date deficient insofar as notice. See Gonzalez v. Sullivan, 914 F.2d

3

1197, 1202 (9th Cir. 1990) (misleading notice form violates claimant's fifth amendment right to procedural due process). I find that jurisdiction exists with this Court to review the ALJ's decision.

11. Plaintiff complains of chronic pain. He has a history of a work injury that occurred in January 1988 with subsequent back surgery consisting of disc incision and laminectomy, additional surgery on his right knee in 1987 from a slip and fall at home. See Pltff's Ex. A.[1] He has not worked since 1988.

12. Mr. Winchell has been severely depressed since his wife and daughter left him six months prior to the last hearing, but has reported feeling depressed since he was injured on the job. Tr. at 407. He reports feelings of worthlessness and suicidal ideation. Tr. 407, 556. Plaintiff has resisted the impulse to commit suicide because of his young daughter and also the memory of seeing his father commit suicide when he was nine years old. Tr. at 556-57. Plaintiff will remain at home for days without going out. He spends a large part of the day watching television, and does not go out unless someone drives him, since he lost his license after his second DUI. Tr. at 381, Pltff's Ex.A at 3. His mother visits him to perform housekeeping and cooking chores. Because she was concerned about his suicidality, his mother removed a rifle from his home, but not his pistol. Tr. at 380, 557.

13. After his work injury, his drinking escalated to the point where he continues to drink two to three (or as much as six) six-packs of beers daily, or "as much as [he] can." Tr. at 380, 407, 556, 606. Plaintiff experiences tremors or blackouts when he is drunk. Tr at 556, 380. He

---

[1] Ex. A is the psychological report by Dr. Adams, which was referred to by the ALJ at the last hearing, Tr. at 381, but inadvertently omitted from the record.

4

makes attempts to enter a treatment program following episodes of binge drinking. Tr. at 380. He had a brief period of abstinence following a treatment program in 1992, but started drinking again and continued ever since, although he is on a waiting list for the program.

**First Alleged Error**

14. Plaintiff alleges that the ALJ's finding that Mr. Winchell would not be disabled but for his alcohol use is not supported by substantial evidence and is contrary to law. Plaintiff does not dispute that the alcohol impairment is severe, but rather that his mental impairment, e.g., his depression, is an independently disabling impairment.

15. When there is evidence that a claimant is disabled and there is medical evidence of drug addiction or alcoholism, the ALJ "must determine whether [ ] drug addiction or alcoholism is a contributing factor material to the determination of disability." Alcoholism is not considered to be a contributing factor material to the determination of disability only when the remaining limitations *by themselves* are disabling, i.e., when they are "independent" of the alcoholism. § 404.1535(b)(2)(ii). In this case, the ALJ found that Plaintiff's depression and other mental problems resulted "in whole or in part" from his alcohol abuse. Tr. at 394.

16. The key factor used in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether a claimant would still find you disabled if he stopped using drugs or alcohol. § 404.1535 (b)(1). The question here, then, is whether Plaintiff's mental impairments would render him disabled under the regulations even if he stopped drinking.

17. The ALJ found that Plaintiff met the initial, or "A," criteria for the listings for §12.09(A) (alcohol abuse) and § 12.04(A) (depression), both of which are categorized as mental

disorders under the regulations. 20 C.F.R., Pt.404, Subpt.P, App.1, § 12.00. Tr. at 384. The second part, or "B" criteria for each listing describes functional limitations which, if met, would preclude work. Upon examining these criteria, Tr. at 384-386, 397-400, the ALJ determined that although Mr. Winchell's alcohol abuse and depression is a severe impairment, his alcohol abuse materially contributed to his disability determination. He concluded that if Plaintiff was not abusing alcohol, he would be able to work. Tr. at 394 (Plaintiff "cannot work because he is drunk nearly every day.").

18. The question of whether his depression caused Plaintiff's drinking or vice versa is little more than the proverbial chicken-or-the-egg type of conundrum. See Tr. at 627. The relevant question under the correct legal standard is whether Plaintiff's alcohol abuse and depression are two separate conditions and if so, whether the depression is independently disabling. Both parties concede, based on the testimony of medical expert Dr. Barry at the hearing, Tr. at 627, that the two impairments are hard to separate. However, this fact cuts both ways, and so is relied on both by Defendant to argue that Plaintiff's depression is merely part and parcel of the alcohol impairment and by Plaintiff to argue that the interrelatedness of the two conditions masks the severity of each condition as a separate disabling condition.[2]

19. After reviewing the record, particularly those reports relied on by the ALJ, I find that the ALJ's conclusion was not based on substantial evidence. The record contains sufficient evidence to show that even if Plaintiff stopped drinking, his depression would be a disabling

---

[2] I note that the conditions do overlap because of the way the listing categories are arranged, where an evaluation of substance abuse "piggybacks" on an evaluation of underlying disorders such as depression and anxiety. It is still necessary to establish whether a claimant would still be disabled by the underlying disorder if he were to stop drinking. See 20 C.F.R. § 404.1535(b)(1).

6

impairment.

20. Although the ALJ was not required to discuss every piece of evidence, he is required to consider all of the evidence. See Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). Also, when discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects. Id. I find that the ALJ incorporated the findings from the medical and psychological reports into his decision, Tr. at 380-81, but failed to discuss those parts of the reports which contained evidence that Plaintiff suffered from a mental impairment (depression) as a separate condition.

21. The neuropsychological report by Maryann Thompson, Ph.D. stated that a treatment program for Plaintiff presented a "complicated picture of several factors which need to be dealt with" before he could be gainfully employed. Tr. at 412, 415-16. Dr. Thompson opined that Plaintiff's severe depression would have to be addressed as an additional component within any alcohol abuse treatment program in order for treatment to be successful. Id.

22. Further, at the last hearing, Dr. Barry opined that Mr. Winchell is "suffering from two conditions," one of which was an affective disorder. Tr. at 626-27. Dr. Barry also stated that she agreed with Dr. Thompson's opinion. Tr. at 628. Dr. Adams' diagnosis of a dysthymic disorder, Pltff's Ex. A at 4 is also consistent with Dr. Barry's view. Even the vocational expert consulted at the hearing acknowledged the separateness of the two conditions in distinguishing between the effect of the two impairments on Plaintiff's ability to work when responding to the ALJ's hypotheticals. Tr. at 628-29.

23. Therefore, I find that Plaintiff prevails in this first allegation of error: the ALJ's

7

finding that Mr. Winchell would not be disabled but for his alcohol use is not supported by substantial evidence and is contrary to law. Based on the evidence regarding Plaintiff's depression that this impairment is by itself disabling, his alcoholism cannot be considered to be a contributing factor material to the determination of disability.

**Second Alleged Error**

24. The Plaintiff also contends that the ALJ's listing (step three) analysis is not supported by substantial evidence and is contrary to law. This allegation also has merit. The ALJ made findings which established that Plaintiff met the criteria for both Parts A and B of §12.04 and § 12.09, but then limited the findings only to a step two evaluation, i.e., whether the impairments were severe. I agree with the Plaintiff that the ALJ's own findings establish that Plaintiff meets the listing requirements for the step three part of the evaluation process. Tr. at 385-87; 399-400.

25. The ALJ examined Plaintiff's functional limitations in the categories of daily living activities; social functioning; concentration, persistence and pace; and episodes of deterioration or decompensation in work-like setting. Tr. at 385-87; see ¶ 18, above. He concluded that Mr. Winchell's limitations were "marked" for both the first and second categories, "frequent" for the third category, and "never" for the fourth. These findings satisfy the threshold levels for three of the four categories, clearly satisfying the listing requirements which call for only three categories to be satisfied in order to meet the listing. §12.04(B). Further, the ALJ's findings are firmly supported by the medical opinions and psychological reports, see above.

26. Defendant argues that even if Plaintiff's impairments meet the listing requirement, he would still be precluded from obtaining benefits because he only meets the listing based on his

alcohol abuse, which no longer entitles him to benefits under P.L. 104-121.[3] This contention would be correct if the Plaintiff were found not to be disabled independent of his alcoholism. However, based on my discussion above which finds error in that part of the ALJ's determination, this argument can be dismissed.

27. As discussed above, the ALJ's findings at step two support a determination of disability at step three. The ALJ's conclusion that Plaintiff does not meet a listed impairment, notwithstanding the regulations on alcoholism, is contrary to law and not supported by substantial evidence. When the claimant is found to be disabled or not disabled at any step, the sequential evaluation process ends. Thompson at 1486; Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988) (if determination can be made at any step, evaluation under subsequent steps is not necessary). Thus, I need not proceed to address Plaintiff's third allegation of error.

28. Reversal is appropriate where additional fact finding would serve no useful purpose. Sorenson v. Bowen, 888 F.2d 706, 713 (10th Cir. 1989). The ALJ's own findings in part, when based on the correct legal standard, support a disability determination. Remand here would serve no useful purpose. The record appears fully developed, and the Plaintiff has already been through three separate administrative hearings and two remands, one from a federal district court. See id. It is within this Court's discretion to reverse the decision of the Secretary and to direct the Secretary to award the appropriate benefits. 42 U.S.C. § 405(g). The Commissioner's decision should be reversed and full awards should be awarded to Plaintiff.

---

[3] P.L. 104-121, §§105(a)(1) & (b)(1), amending U.S.C. §§ 423(d)(2) & 1382(c) is the statutory authority for the regulations which now provide the basis for evaluating impairments where either alcoholism or drug addiction is a "contributing factor" to the determination of disability. See 20 C.F.R. § 404.1535 and § 404.1536.

29. In sum, the ALJ's finding that Mr. Winchell would not be disabled but for his alcohol use is not supported by substantial evidence and is contrary to law, and the ALJ's listing (step three) analysis is not supported by substantial evidence and is contrary to law.

**Recommendation**

I recommend that Plaintiff's Motion to Reverse and Remand for a Rehearing **[docket #9]** be GRANTED in that the Commissioner's decision should be reversed and full awards should be awarded to Plaintiff. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

_____
UNITED STATES MAGISTRATE JUDGE